IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DOLLAR TREE STORES, INC.**            **PLAINTIFF**

v.            No. 1:21-cv-00018-MPM-DAS

**LEIGH MS MALL, LLC**            **DEFENDANT**

**ORDER**

This case comes before the court on Defendant Leigh MS Mall, LLC's ("Leigh Mall") Motion for Summary Judgment [60]. The defendant argues diversity of citizenship has not been adequately alleged because the plaintiff has not identified the citizenship of all the members of Leigh MS Mall, LLC. The plaintiff, Dollar Tree Stores, Inc. ("Dollar Tree") responded in opposition to the motion [72]. On December 5, 2023, the Court ordered Dollar Tree to submit a response sufficiently identifying all the members of Leigh MS Mall, LLC and the citizenship of each within ten (10) days [87]. On December 15, 2023, the plaintiff filed a response [89]. Having considered the memoranda and submissions of the parties, the Court is now prepared to rule.

As discussed in the Show Cause Order, federal courts are courts of limited jurisdiction and, therefore, "must presume that a suit lies outside this limited jurisdiction." *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). If the party seeking the federal forum does not "distinctly and affirmatively allege[]" diversity jurisdiction, then the federal court cannot hear the case and must dismiss the action. *Howery*, 243 F.3d at 919. Further, courts must "adhere to these rules 'regardless of the costs it imposes.'" *Settlement Funding, LLC*, 851 F.3d at 537 (citing *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 571 (2004)).

As the party asserting diversity jurisdiction, Dollar Tree has the burden of establishing it and must "specifically allege the citizenship of every member of every LLC" for this Court to be

certain that diversity jurisdiction exists. *Midcap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). Despite the Court's Show Cause Order requiring Dollar Tree to make this identification, Dollar Tree's response failed to allege the citizenship of any additional members. Instead, Dollar Tree argued in its response that "this Court should heed the policy critiques of the cases criticizing the applicability of diversity of citizenship rules to unincorporated entities" by determining that jurisdiction is proper and "should allow this case to proceed to trial."

This Court agrees that requiring the party asserting diversity jurisdiction to prove a negative (*i.e.*, that there are no non-diverse parties) presents a "fundamental fairness" concern, but the Supreme Court has considered similar arguments and rejected them. *Trafigura AG v. Enter. Prods. Operating LLC*, 995 F. Supp. 2d 641, 645 (S.D. Tex. 2014). This Court is, therefore, compelled to apply the law as it stands and "can only echo the Supreme Court's suggestion that a policy change be pursued through other ventures." *Brownsville M.D. Ventures, LLC v. Pineda Reo, LLC*, No. 1:15-cv-00098, 2015 WL 12748036, at *3 (S.D. Tex. Sept. 29, 2015). Accordingly, it must hold that there is no subject matter jurisdiction under 28 U.S.C. § 1332 and dismiss the case.

**IT IS HEREBY ORDERED** that Defendant Leigh MS Mall, LLC's Motion for Summary Judgment [60] is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DISMISSED** as moot.

**SO ORDERED** this the 19th day of December, 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**